oUNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **ALEXANDER "JAKE" CALL** | **CIVIL ACTION** |
| **VERSUS** | |
| **LOUISIANA STATE UNIVERSITY, ET AL.** | **NO. 25-00810-BAJ-EWD** |

## RULING AND ORDER

Before the Court is **Defendants' Motion To Dismiss Under Fed. R. Civ. P. 12(b)(4) And 12(b)(5) (Doc. 25)**, seeking dismissal of Plaintiff's claims against Defendants Louisiana State University ("LSU") and the Board of Supervisors of the Louisiana State University and Agricultural and Mechanical College ("Board of Supervisors"). Defendants LSU and the Board of Supervisors contend that: (1) LSU must be dismissed as a Defendant because it lacks the legal capacity to be sued; and (2) the Board of Supervisors should be dismissed as a Defendant because Plaintiff has failed to effectuate service of process on it. Plaintiff opposes the Motion. (Doc. 31). For the following reasons, the Motion to Dismiss is **GRANTED**.

## I. BACKGROUND

Plaintiff brought this case in September 2025 against LSU, the Board of Supervisors, and other Defendants. (Doc. 1). The Court issued summons to all Defendants in September 2025. (Doc. 8). However, Plaintiff did not serve Defendants with the summons and Complaint within the ninety days required by Fed. R. Civ. P. 4(m). Plaintiff did not request an extension of time to effect service, so in January 2026, the Court ordered Plaintiff to show cause as to why the claims should not be

dismissed as abandoned under Local Rule 41(b)(1)(A), which authorizes the Court to dismiss a civil action where no service of process has been made within ninety days after the filing of the Complaint. (Doc. 15). After the Court issued the show cause order but before it held the show cause hearing, Plaintiff served LSU with the summons and Complaint. (Doc. 16). At the January show cause hearing, the Court granted Plaintiff an additional thirty days to serve all other Defendants, indicating that failure to serve Defendants may result in a *sua sponte* dismissal of the claims against the unserved Defendants. (Doc. 19). Defendants LSU and the Board of Supervisors then filed the instant Motion to Dismiss in February 2026. (Doc. 25). Later that month, after Plaintiff still had not served the unserved Defendants, the Court issued another show cause order to Plaintiff. (Doc. 28). In March, the Court granted Plaintiff an additional 30 days—that is, until April 8, 2026—to file adequate service information into the record for any unserved Defendants. (Doc. 33). The Court also indicated that failure to timely file service information could result in dismissal of Plaintiff's claims against the unserved Defendants without further notice. (Doc. 33). Plaintiff still has not filed service information for the unserved Defendants as of August 2026.

## II. ANALYSIS

### A. LSU.

LSU is named as a Defendant in this case. However, LSU lacks the legal capacity to be sued. *See, e.g.*, *Williams v. La. State Univ. & A&M Coll.*, No. 22-12, 2022 WL 1110305, at *1 (M.D. La. Apr. 13, 2022); *Habbal v.*

*La. State Univ. Health Science Center,* No. 6:24-cv-00720, 2025 WL 991108, at * 1 (W.D. La. April 2, 2025). Therefore, claims against LSU are subject to dismissal under Federal Rule of Civil Procedure 12(b). Plaintiff concedes that LSU is not capable of being sued independently. (Doc. 31 at 5). Accordingly, claims against LSU as a named Defendant are **DISMISSED WITH PREJUDICE**.

**B. Board of Supervisors.**

Next, the Board of Supervisors contends that Plaintiff's claims against it must be dismissed because Plaintiff has not yet served it with the summons and Complaint, despite ample opportunity to do so.

"A motion to dismiss pursuant to Rule 12(b)(5) turns on the legal sufficiency of the service of process. The party making service has the burden of demonstrating its validity when an objection to service is made. The district court has broad discretion in determining whether to dismiss an action for ineffective service of process." *Trimble v. Strength*, No. CV 20-355-JWD-SDJ, 2022 WL 636729, at *2 (M.D. La. Jan. 25, 2022) (cleaned up). Under Federal Rule of Civil Procedure 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. Pro. 4(m). "[I]f the plaintiff shows good cause for the failure [to timely effectuate service], the court must extend the time for service for an appropriate period." *Rroku v. Cole*, 726 F. App'x 201, 207 (5th Cir. 2018).

"'[G]ood' cause under Rule 4(m) requires at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or

ignorance of the rules usually does not suffice." *Gartin v. Par Pharm. Co.*, 289 F. App'x 688, 692 (5th Cir. 2008) (holding that a delay of seven months in serving one of the defendants is a clear record of delay). Despite these timing constraints, "[R]ule 4(m) broadens a district court's discretion by allowing it to extend the time for service even when a plaintiff fails to show good cause." *Thompson v. Brown*, 91 F. 3d 20, 21 (5th Cir. 1996).

Plaintiff has not yet served the Board of Supervisors, despite the ninety-day deadline imposed by Federal Rule of Civil Procedure 4(m). Plaintiff does not contest that the Board of Supervisors has not been served. Rather, Plaintiff argues that Rule 12(b)(5) motions to dismiss have been denied where service defects are curable (citing *Williams*, 2025 WL 1180713, at *3 (M.D. La. Apr. 23, 2025)); *Lindsey v. U.S. R.R. Ret. Bd.*, 101 F.3d 444, 446 (5th Cir. 1996)). Plaintiff also avers that dismissal is not appropriate, given ongoing efforts to effect service. (Doc. 31 at 1–2) ("Service upon the remaining defendants has required additional coordination due to the number of individually named defendants and the procedural requirements governing service upon state-affiliated entities and employees. Plaintiff continues to work with process servers to complete service on the remaining defendants.)

Plaintiff has had ample opportunity and time over the past year to serve Defendants, and has appeared before this Court multiple times to explain the failure to do so. The Court has extended multiple warnings that the failure to serve Defendants may result in dismissal of Plaintiff's claims against them. The Court is not convinced that the failure to serve Defendants is due to anything more than

"simple inadvertence or mistake of counsel or ignorance of the rules[,]" *Gartin*, 289 F. App'x at 692, as plaintiffs in other actions before this Court have successfully and expeditiously served the Board of Supervisors. Therefore, the Court will dismiss Plaintiff's claims against the Board of Supervisors and all other unserved Defendants, pursuant to Federal Rule of Civil Procedure 4(m).

Accordingly,

**IT IS ORDERED** that Defendants' **Motion (Doc. 25)** is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendant LSU are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff's claims against all remaining Defendants are **DISMISSED WITHOUT PREJUDICE**.

Baton Rouge, Louisiana, this 18th day of August, 2026

**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**